**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:12-cr-00253-HDM-VCF |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| FERMIN MESA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The defendant has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 44 & ECF No. 45). The court has considered defendant's motion and hereby **DENIES** the motion without further briefing.

Defendant asserts that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague. Although defendant was not sentenced pursuant to the ACCA, he received a higher base offense level under the United States Sentencing Guidelines due to his having a prior "crime of violence," the relevant definition of which contained a residual similar to that of the ACCA. Defendant asserts that in the absence of the residual clause, his prior offense of assault with a deadly weapon in violation of Nevada Revised Statutes § 200.471 no longer qualifies as a crime of violence and that he is therefore entitled to relief.

1

1   The Guideline provision applicable to defendant's offense is

2   U.S.S.G. § 2K2.1.  For purposes of § 2K2.1, "crime of violence" is

3   given the meaning contained in § 4B1.2(a) and Application Note 1 of

4   the Commentary to § 4B1.2.  U.S.S.G. § 2K2.1 app. n.1.  Under §

5   4B1.2(a) at the time defendant was sentenced, a crime of violence

6   was "any offense under federal or state law, punishable by

7   imprisonment for a term exceeding one year, that (1) has as an

8   element the use, attempted use, or threatened use of physical force

9   against the person of another, or (2) is burglary of a dwelling,

10  arson, or extortion, involves use of explosives, *or otherwise*

11  *involves conduct that presents a serious potential risk of physical*

12  *injury to another*."  The final part of the definition – the

13  italicized portion – was the residual clause.

14  Even assuming *Johnson* applies to the Guidelines, and that it

15  does so retroactively on collateral review, defendant's claim for

16  relief under current Ninth Circuit case law fails.  The Ninth

17  Circuit has held that assault with a deadly weapon is a crime of

18  violence for purposes of 18 U.S.C. § 16(b).  *Camacho-Cruz v.*

19  *Holder*, 621 F.3d 941, 943 (9th Cir. 2010).  As under § 4B1.2, a

20  crime of violence under § 16(b) includes one "that has as an

21  element the use, attempted use, or threatened use of physical force

22  against the person . . . of another."  *Id.* at 942.  This is

23  referred to as the force clause.  Section 16(b) also contains a

24  residual clause similar to that in the ACCA and § 4B1.2.  In

25  *Camacho-Cruz*, the Ninth Circuit held that assault with a deadly

26  weapon under Nevada law "necessarily entails the threatened use of

27  force against the person of another," and for that reason qualified

28  as a crime of violence.  *Id.* at 493.  The court further held that §

2

200.471 also qualified as a crime of violence under § 16(b)'s residual clause. While defendant appears to suggest in his motion that § 200.471 was a crime of violence only under the residual clause, this ignores the court's holding that it also qualified under the force clause. Accordingly, the holding of *Camacho-Cruz* that § 200.471 qualifies as a crime of violence is not disturbed by the Supreme Court's decision in *Johnson* because even if the residual clause of § 4B1.2 is unconstitutional, the crime still qualifies under the force clause. The fact that the Ninth Circuit continues to apply *Camacho-Cruz* in its recent unpublished decisions reinforces this conclusion. *See United States v. Alcaraz*, 2016 WL 6471774, at *1 (9th Cir. Nov. 2, 2016) ("Defendant's prior conviction[] for assault with a deadly weapon, in violation of Nevada Revised Statute § 200.471 . . . qualif[ies] as [a] crime[] of violence for purposes of applying United States Sentencing Guideline § 2K2.1(a)."); *United States v. Herrera-Ramirez*, 623 Fed. App'x 347, 348 (9th Cir. Nov. 18, 2015). Accordingly, because assault with a deadly weapon in violation of Nevada Revised Statute § 200.471 "necessarily entails the threatened use of force against the person of another," it is a crime of violence with or without the residual clause. Defendant therefore is not entitled to any relief, and his motion to vacate under 28 U.S.C. § 2255 (ECF No. 44 and ECF No. 45) is **DENIED**.

IT IS SO ORDERED.

DATED: This 4th day of January, 2017.

_Howard D. McKibben_
_____
UNITED STATES DISTRICT JUDGE